# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>22-CR-20030-FAM</u>

UNITED STATES OF AMERICA

v.

ALEJANDRO ALVAREZ,

      Defendant.

_____/

## <u>PLEA AGREEMENT</u>

The United States Attorney's Office for the Southern District of Florida ("this Office") and Alejandro Alvarez ("defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to count 2 of Indictment, which charges the defendant with distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

2.    This Office agrees to seek dismissal of counts 1 and 3 of the indictment after sentencing.

3.    The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.    The defendant also understands and acknowledges that with respect to Count 2, the Court must impose a minimum term of imprisonment of 5 years and may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of at least 5 years and up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to each count of conviction and must order restitution.

5.    The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to Title 18, United States Code, Section 3013, a special assessment in the amount of $100, will be imposed on the defendant. Pursuant to 18 U.S.C. § 3014, the defendant is required to pay an additional special assessment in the amount of $5,000 if he is sentenced by September 11, 2022, or if Congress extends the special assessment beyond its current expiration date of September 11, 2022. If the special assessment applies and defendant is indigent, or otherwise financially unable to pay this special assessment

amount, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the defendant's failure to pay.

6.       Pursuant to Title 18, United States Code, Section 2259, mandatory restitution may be ordered in this case.   Once a victim's losses are calculated, pursuant to Title 18, United States Code, Section 2259(b)(2)(B), the Court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victims' losses, but not less than $3,000 per victim.   The defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

7.       This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.       This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's

own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9.    This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

- The base offense level is 22. See USSG § 2G2.2(a).

- A 2-level increase because the materials the defendant possessed involved a prepubescent minor or minor who had not attained the age of 12 years. USSG § 2G2.2(b)(2).

- A 2-level increase because the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E). USSG § 2G2.2(b)(3)(F).

- A 4-level increase because the materials portray (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler. USSG § 2G2.2(b)(4).

- A 2-level increase because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material. USSG § 2G2.2(b)(6).

- A 5-level increase because the offense involved 600 or more images. USSG § 2G2.2(b)(7)(D).

4

The parties remain free to argue for or against any other enhancements or adjustments they believe apply in this case.

10.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11.     The defendant agrees, in an individual and any other capacity to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to: any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense to which the defendant is pleading guilty; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense pursuant to Title

5

18, United States Code, Section 2253(a). The property subject to forfeiture includes, but is not limited to, directly forfeitable property including:

- One (1) iPhone 11 bearing IMEI Number 352845115673610.

12.     The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court.  The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution.   In addition, the defendant agrees to waive any applicable time limits for administrative or judicial forfeitures, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13.     The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest, or exercises or exercised control, directly or indirectly, and any assets obtained as a result of the offenses of conviction. The defendant also agrees to take all steps requested to effectuate the recovery and forfeiture of all assets identified by the United States as being subject to forfeiture. This includes, but is not limited to, the delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any criminal, civil or administrative forfeiture proceedings concerning such property.

14.     The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to Title 18, United States Code, Section 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements,

and that those requirements may apply throughout defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of Florida Statute, Section 775.21. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

15.    As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

[SPACE INTENTIONALLY LEFT BLANK]

7

16.     This is the entire agreement and understanding between this Office and the defendant.   There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: _6/22/22_          By: _____ For: _____

BERTILA LILIA FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

Date: _6\22\22_          By: _____

SAM RABIN
ATTORNEY FOR DEFENDANT

Date: _6.22.22_          By: _____

ALEJANDRO ALVAREZ
DEFENDANT

8