UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 22-20030-CR-MORENO

UNITED STATES OF AMERICA,

  *Plaintiff*,

v.

ALEJANDRO ALVAREZ,

  *Defendant*.

_____/

## UNOPPOSED MOTION FOR LEAVE TO FILE PARTIALLY SEALED SENTENCING SUBMISSIONS

Comes Now, the Defendant, **ALEJANDRO ALVAREZ**, by and through the undersigned counsel, and hereby respectfully requests that this Honorable Court enter an Order permitting the narrowly tailored, partial sealing of **MR. ALVAREZ**'s sentencing submissions. As explained in greater detail below, **MR. ALVAREZ**'s Sentencing Memorandum and a limited number of accompanying exhibits discuss or reference certain highly sensitive personal information and confidential medical information, the disclosure of which would harm **MR. ALVAREZ**'s privacy interests and jeopardize the safety and security of both **MR. ALVAREZ** and his family.[1] In support hereof, and pursuant to Local Rule 5.4(c) as well as

---

[1] The instant motion is distinct from **MR. ALVAREZ**'s previous motion to seal—filed on August 17, 2022 and denied the following day—which sought to seal his Sentencing Memorandum in its entirety. ECF Nos. 32, 33. Here, **MR. ALVAREZ** respectfully requests that the Court permit the filing of his Sentencing Memorandum and related documents on the public docket with only limited redactions of specified information, alongside sealed, unredacted versions of the same.

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), and its progeny, **MR. ALVAREZ** respectfully submits the following:

## DESCRIPTION OF REQUESTED RELIEF

**MR. ALVAREZ**'s Sentencing Memorandum and a limited number of accompanying exhibits discuss or reference certain highly sensitive personal information and confidential medical information, the revelation of which could jeopardize the safety of both **MR. ALVAREZ** and/or his family, in addition to causing undue psychological distress and humiliation. Specifically, the information sought to be redacted relates to the traumatic events and sensitive personal characteristics described in paragraphs 58–59 of the Presentence Investigation Report ("PSR"), and the one medical condition mentioned in paragraph 65 of the PSR. ECF № 33. Disclosure of this information would harm **MR. ALVAREZ**'s privacy interests and, for reasons articulated in **MR. ALVAREZ**'s sentencing submissions, could put **MR. ALVAREZ**'s safety at increased risk during his incarceration. Disclosure of the information described in paragraphs 58–59 of the PSR would also raise safety concerns for members of **MR. ALVAREZ**, as the individual identified therein is intimately familiar with the family and could pose a danger to them.

**MR. ALVAREZ** recognizes that the vast majority of the information contained in the sentencing submissions need not and should not be sealed. Accordingly, and for the reasons provided below, **MR. ALVAREZ** respectfully requests that the Court permit him to file his sentencing submissions on the public docket with only limited redactions to the following documents (along the following lines):

- **Sentencing Memorandum** (partial redaction for highly sensitive personal information and confidential medical information, *see* PSR ¶¶ 58–59, 65)

- **Summary of Psychological Evaluation and Risk Assessment**, conducted by Dr. Eric A. Imhof, Psy.D, Specialized Treatment and Assessment Resources, P.A. (partial redaction for highly sensitive personal information and confidential medical information, *see* PSR ¶¶ 58–59, 65)

- **Declaration of Maureen P. Baird**, former warden, Bureau of Prisons (partial redaction for highly sensitive personal information and confidential medical information, *see* PSR ¶¶ 58–59, 65)

- **Letter of Support from Astrid Y. Alvarez** (partial redaction for highly sensitive personal information, *see* PSR ¶¶ 58–59)

- **Letter of Support from Cristina Alvarez** (partial redaction for highly sensitive personal information, *see* PSR ¶¶ 58–59)

- **Letter of Support from Jessica Alvarez** (partial redaction for highly sensitive personal information, *see* PSR ¶¶ 58–59)

- **Letter of Support from Jacob M. Karr** (partial redaction for highly sensitive personal information, *see* PSR ¶¶ 58–59)

- **Letter of Support from Michael McCarthy, LCSW** (partial redaction for highly sensitive personal information, *see* PSR ¶¶ 58–59)

## ARGUMENT

The qualified First Amendment and common-law rights of access to judicial proceedings and records are "essential component[s] of our system of justice" and "instrumental in securing the integrity of the process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310–11 (11th Cir. 2001). Accordingly, courts do not and should "not rubber-stamp motions for leave to file under seal." *GVB MD v. Aetna Health Inc.*, No. 19-22357-CIV, 2020 WL 1692635, at *3 (S.D. Fla. Apr. 7, 2020). Under the heightened constitutional standard that applies in criminal proceedings, the party seeking closure of records must first demonstrate that sealing is "necessitated by a compelling [] interest, and is narrowly tailored to serve that interest." *Chicago Trib. Co*, 263 F.3d at 1310 (quoting *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 607 (1982)); *see also, e.g.*, *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) ("A party may overcome th[e] presumption [of openness] if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"). **MR. ALVAREZ** respectfully submits that, with respect to the narrowly tailored, partial sealing of the sensitive information specified above, this standard is met here.

First, redacting the limited information specified above is necessary to protect legitimate privacy interests and prevent harm. *See United States v. Castillo*, 730 F. App'x 892, 893 (11th Cir. 2018) (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). Courts regularly permit the sealing or redaction of highly sensitive personal information or medical information at sentencing or reconsideration of sentencing. *See,*

*e.g.*, *United States v. Land*, No. 6:19-CR-34-ORL-40TBS, 2019 WL 2452831, at *2 (M.D. Fla. June 12, 2019) (permitting partial sealing of sentencing submissions because they contained "personal health information" and "information of a personal, confidential nature in which Defendant's privacy interest outweighs the public's right of access"); Order, *United States v. Rodriguez*, 17-20904-CR-Ungaro/O'Sullivan (S.D. Fla. Nov. 7, 2018), ECF No. 194 (permitting defendant to file public version of his objections to the PSR with redactions for "those portions of the objections that relate to the sensitive areas referred to in the defendant's motion to seal"); *United States v. Cabrera*, No. 19-20131-CR, 2020 WL 6219332, at *9 (S.D. Fla. Oct. 22, 2020) (granting motion to seal defendant's medical records, which the court relied upon in deciding motion for sentence reduction); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 5994038, at *3 (S.D. Fla. Oct. 9, 2020) (same). Redaction is particularly appropriate where disclosure of sensitive information has the potential to subject the defendant or innocent third parties to harm or undue distress. *See United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (noting that "[c]ourts have recognized an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members," and remanding "for the limited purpose of sealing Harris's sentencing memorandum and requiring Harris to file a redacted version to protect the privacy and well-being of his family"). Further, **MR. ALVAREZ** has a concrete privacy interest in nondisclosure of the medical condition and diagnosis at issue, which is considered confidential medical information under both state and federal law.

Second, **MR. ALVAREZ** proposes a narrowly tailored solution that seeks to redact "only such parts of the [sentencing submissions] as necessary to preserve" the compelling interests asserted above. *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 513 (1984); *see also Castillo*, 730 F. App'x at 893 (explaining that courts should consider "less onerous alternatives to sealing" (citing *Romero*, 480 F.3d at 1246)). The proposed redactions would be limited only to discussion of or reference to specific, highly sensitive personal issues and traumatic events as well as one particularly sensitive confidential medical condition. *See* PSR ¶¶ 58–59, 65. Indeed, **MR. ALVAREZ** does not seek to redact all of his private medical or mental health information. The proposed redactions would thus amount to no more than a number of paragraphs in the Sentencing Memorandum, the highly confidential Summary of Psychological Evaluation and Risk Assessment, and various sentences or phrases in the Declaration of Maureen P. Baird, and the Letters of Support submitted by five (5) individuals (out of roughly two dozen such letters). All of the sentencing submissions would be available on the public docket, with only limited redactions to this specified subset of documents.

**MR. ALVAREZ** respectfully submits that this proposal would sufficiently balance the public's general, but qualified right of access to court records and the legitimate, weighty interests of **MR. ALVAREZ** and his family in the nondisclosure of the specific information described above.

In accordance with the Local Rule 88.9, counsel conferred with the prosecutor assigned to this cause, Assistant United States Attorney Bertila Fernandez, and she authorized counsel to represent that she has no objection to the relief requested herein.

## CONCLUSION

For the foregoing reasons, the undersigned counsel respectfully request that the Court grant the instant motion and permit **MR. ALVAREZ** to file public, minimally redacted sentencing submissions alongside sealed, unredacted sentencing submissions, to be sealed until further order of the Court.

Respectfully submitted,

**RABIN & LOPEZ, P.A.**
SunTrust International Center
One Southeast Third Avenue
Suite 2600
Miami, FL 33131
Tel: 305•358•1064
Email: sjr@miamilawyer.com

s/ *Samuel J. Rabin Jr.*

SAMUEL J. RABIN, JR.
Florida Bar № 273831

s/ *Jessica Duque*

JESSICA DUQUE
Florida Bar № 1031237

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August 2022, a true and correct copy of the foregoing Unopposed Motion for Leave to File Partially Sealed Sentencing Submissions was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

s/ *Samuel J. Rabin Jr.*

SAMUEL J. RABIN, JR.